UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DIANA GARZA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-112 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court is Diana Garza and Artemio Garza's ("Plaintiffs") motion to remand.[1] After considering the motion, response, reply, record, and governing authorities, the Court **DENIES** the motion.

### I. Background

According to Plaintiffs' original petition, their property was damaged by a severe hail storm on March 29, 2012. Apparently dissatisfied with the handling of their insurance claim, Plaintiffs sued State Farm and James Goode ("Goode").[2] In their original petition, Plaintiffs asserted the following theories of recovery: breach of contract; violations of Chapters 541 and 542 of the Texas Insurance Code; violations of the Texas Deceptive Trade Practices—Consumer Protection Act; and breach of the duty of good faith and fair dealing.[3]

This dispute was thereafter removed by State Farm Lloyds ("State Farm") on March 8, 2013.[4] State Farm asserted that the Court had subject matter jurisdiction under 28 U.S.C § 1332

---

[1] Dkt. No. 13.
[2] Dkt. No. 1-3 at pp. 4-21.
[3] Dkt. No. 1-3 at pp. 10-18.
[4] Dkt. No. 1.

because the parties were completely diverse and the amount in controversy exceeded $75,000.[5] Importantly, State Farm stated that James Goode, the non-diverse defendant, was improperly joined.[6]

On April 2, 2012, Plaintiffs filed a motion to remand.[7] Plaintiffs present two reasons the Court should remand the case. First, Plaintiffs assert that State Farm has failed to demonstrate that it is diverse from Plaintiffs. Second, Plaintiffs assert that James Goode, the non-diverse defendant, is properly joined. State Farm responded,[8] and Plaintiffs replied.[9]

## II.  Analysis

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000. It is undisputed that the amount in controversy requirement is satisfied in this case. Thus, State Farm must prevail on the diversity of citizenship issue in order to avoid remand.

### A.  State Farm's Citizenship

In their motion to remand and reply Plaintiffs assert that State Farm has not sufficiently demonstrated that State Farm is not a citizen of Texas.[10] Plaintiffs appear to advance two arguments in support of this assertion. First, Plaintiffs assert that State Farm is incorporated in Texas. Second, Plaintiffs assert that State Farm has not provided sufficient evidence regarding the citizenship of its underwriters. The Court notes that these two arguments are mutually exclusive. Either State Farm is an incorporated entity and its citizenship is based, in part, on its state of incorporation, or it is an unincorporated entity that takes its citizenship from each of its members.

---

[5] Dkt. No. 1 at pp. 2-5.
[6] Dkt. No. 1 at pp. 5-11.
[7] Dkt. No. 13.
[8] Dkt. No. 16.
[9] Dkt. No. 17.
[10] Dkt. No. 13 at pp. 8-9; Dkt. No. 17 at pp. 5-7.

Plaintiffs provided a "company profile" of State Farm which they cite for the proposition that State Farm is incorporated in Texas.[11] This document does not demonstrate that State Farm is incorporated in Texas. Instead, the document identifies State Farm as a company. Therefore, the Court disregards Plaintiffs' assertion that State Farm is incorporated.

The Court now turns to Plaintiffs' argument regarding the citizenship of the underwriters. In the notice of removal, State Farm explained that it is a "Lloyd's Plan" organized under the Texas Insurance Code and, as such, it takes its citizenship from each of its underwriters.[12] Also, State Farm asserted that at the time the case was commenced and at the time the case was removed none of the underwriters were citizens of Texas. The Court agrees that State Farm's citizenship is based on the citizenship of each of its underwriters.

Because State Farm is the party invoking this Court's jurisdiction and the Court's jurisdiction has now been challenged, it is State Farm's burden to demonstrate, by a preponderance of the evidence, that its underwriters, upon whom its citizenship is based, are diverse from Plaintiffs.[13] Here, that means State Farm must provide evidence regarding the citizenship of each of its underwriters. State Farm has provided that evidence in the form of an affidavit[14] which confirms that none of the underwriters are citizens of Texas. This affidavit is facially credible and addresses State Farm's citizenship. The Court notes that this evidence has not been challenged with any evidence from Plaintiffs. Therefore, the Court finds that State Farm has sufficiently demonstrated, by a preponderance of the evidence, that its underwriters are not citizens of Texas. This means that State Farm and the Plaintiffs are completely diverse.

---

[11] Dkt. No. 13-3.
[12] Dkt. No. 1 at p. 3 (citing Royal Ins. Co. of America v. Quinn-L Capital Corp., 3 F.3d 877, 882 (5th Cir. 1993)).
[13] *Cf.* Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc., 485 F.3d 793, 797-98 (5th Cir. 2007) (citations omitted).
[14] Dkt. No. 16-1.

Therefore, Plaintiffs' argument that remand is proper based on the citizenship of State Farm's underwriters is without merit.

**B.     Improper Joinder**

The parties disagree whether James Goode, the non-diverse defendant, is properly joined. The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[15] Here, the issue of improper joinder is before the Court. The Fifth Circuit has stated that "[t]he doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[16] "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[17]

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[18] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[19] The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards.[20] The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information

---

[15] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[16] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[17] *Id*. (internal quotation marks and citation omitted).
[18] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[19] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[20] For Judge Rosenthal's thorough explanation of why it is appropriate to use the state court pleading standards in the context of an improper joinder analysis, *see* Edwea, Inc. v. Allstate Ins. Co., Civ. No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[21]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[22]

Although the Court *is permitted* to pierce the pleadings in certain improper joinder analyses,[23] it *is not required* to do so.  The Court should do so "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[24]

Here, Plaintiffs submitted evidence beyond the state court petition with their motion to remand.  The Court interprets Plaintiffs' decision to attach evidence beyond the pleadings as a request that the Court pierce the pleadings.  Furthermore, after reviewing the state court petition and the record, the Court finds that piercing the pleadings will clarify Plaintiffs' allegations against Goode.  Therefore, the Court will pierce the pleadings in this case.

The Court begins by reviewing the state court petition.  The petition is internally inconsistent due to sloppy drafting.  Much of the ambiguity stems from Plaintiffs' decision to refer to State Farm and Goode, collectively as "Defendants."[25]  For example, the petition contains the following confusing passage in the "FACTS" section of the petition:

> **Defendant State Farm** failed to perform **their** contractual duty to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, **Defendants** failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  **Defendants'** conduct constitutes a breach of the insurance contract between **Defendants** and Plaintiffs.[26]

---

[21] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[22] Tex. R. Civ. P. 45 & 47; *Stoner*, 578 S.W.2d at 683.
[23] *Smallwood*, 385 F.3d at 573.
[24] *Id*. at 573-574.
[25] Dkt. No. 1-3 at p. 4.
[26] Dkt. No. 1-3 at p. 7.

In this paragraph, it appears that Plaintiffs are alleging that both State Farm and Goode breached a contract with Plaintiffs. But, this interpretation is contradicted by part "A" of the "THEORIES OF LIABILITY" section of the petition which makes clear that Plaintiffs are only asserting a breach of contract claim against State Farm.[27] This sort of internal inconsistency permeates the petition.

After reviewing the entire original petition, it is unclear whether Plaintiffs' claims against Goode are based exclusively on allegations regarding Goode's pre-storm actions or if the claims are also based on allegations of Goode's post-storm actions. But there are hints in the petition which suggest that Plaintiffs' claims against Goode are based on pre-storm activity. Plaintiffs indicate in the introduction of their petition that they will refer to the defendants collectively as "Defendants," but differentiate between State Farm and Goode later in the petition by directing certain allegations specifically at State Farm and directing other allegations specifically at Goode. Interestingly, all of the allegations directed at Goode specifically involve pre-storm activity. All allegations regarding post-storm activity are targeted at "Defendants" or State Farm. The Court will now review information beyond the state court petition to determine the scope of Plaintiffs' allegations against Goode.

In Plaintiffs' motion to remand, they highlight several factual allegations:

"Goode is the registered agent on Plaintiffs' policy and he sold Plaintiffs' (sic) their policy covering the property."[28]

"Defendant Goode sold the policy without any reservations or concerns about defects or construction problems with the home."[29]

---

[27] Dkt. No. 1-3 at p. 10.
[28] Dkt. No. 13 at p. 7.
[29] *Id*.

> "Prior to purchasing the policy from Defendant State Farm, Defendant Goode represented to Plaintiffs that damages like what the Property sustained from hail and wind would be covered by the Policy."[30]

> "Prior to purchasing the policy Defendant Goode represented that State Farm was a quality insurance company, a reputable insurance company, with few complaints and that Defendant State Farm would pay Plaintiffs fairly for damage to the property in the event of a claim."[31]

> "These misrepresentations were made to Plaintiffs to induce them to purchase the Policy from Defendant State Farm, and they did, in fact, rely on these misrepresentations in deciding to purchase the Policy from Defendant State Farm."[32]

The Court notes that all of these allegations involve pre-storm activity. According to Plaintiffs, these allegations support causes of action under both the DTPA and Texas Insurance Code § 541.061. Interestingly, even though Plaintiffs asserted in their original petition that Goode breached the duty of good faith and fair dealing, they did not address this claim in their motion to remand. Furthermore, they did not address this cause of action in their reply, even though State Farm noted their failure to address this issue in its response to the motion to remand.[33] Therefore, the Court finds that Plaintiffs have conceded that they have not stated a claim against Goode for a breach of the duty of good faith and fair dealing.

Next, the Court considers the affidavit of Diana Garza which was attached to the motion to remand. The affidavit purports to be a synopsis of her dealings with State Farm Lloyds and James Goode. The affidavit states in part:

> "When I purchased the policy certain representations were made regarding the policy and whether the property was adequately covered by the Policy. The Goode Agency represented that State Farm Lloyds was a reputable company; that my home would be protected against hail and wind; and that State Farm Lloyds would treat me fairly in the event of a claim."[34]

---

[30] *Id*.
[31] *Id*.
[32] *Id*.
[33] Dkt. No. 16 at p. 4.
[34] Dkt. No. 13-1.

Although Diana Garza also states she has talked to James Goode since the storm, her affidavit only sets forth the content of Goode's pre-storm representations to her.[35]  Therefore, the Court finds that although the original petition is ambiguous, the other documents in the record make it clear that Plaintiffs' allegations against Goode are based exclusively on his pre-casualty representations.  Now that the Court has confirmed the scope of Plaintiffs' allegations against Goode, the Court will consider whether there is a "reasonable basis . . . to predict that [Plaintiffs] might be able to recover against [Goode]."[36]

In *Griggs v. State Farm Lloyds*, the Fifth Circuit stated: "Texas courts acknowledge[] that a sales agent may be individually liable when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages."[37]  In their motion to remand, Plaintiffs focus on three types of representations which Goode allegedly made to them.

First, Plaintiffs allege that Goode told them that State Farm was "a quality insurance company, a reputable insurance company, with few complaints[.]"  Assuming Goode made this representation about State Farm to Plaintiffs, the Fifth Circuit has recognized that under Texas law, some statements are simply "non-actionable puffery[.]"[38]  The words "quality," "reputable," and "few" are the non-specific sort of words that accompany statements of opinion and puffery.  There is no reasonable basis to predict that Plaintiffs would be able to recover against Goode based on this statement.

Second, Plaintiffs allege that Goode stated that "State Farm would pay Plaintiffs fairly for damage to the property in the event of a claim."   Like the first representation, this statement is

---

[35] Dkt. No. 13-1.
[36] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[37] 181 F.3d 694, 701 (5th Cir. 1999) (citations omitted).
[38] Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999).

non-specific, and the word "fairly" is highly subjective and indicative of a statement of opinion. Therefore, there is no reasonable basis to predict that Plaintiffs would prevail against Goode by relying on this representation.

Third, Plaintiffs assert that Goode "represented to Plaintiffs that damages like what the Property sustained from hail and wind would be covered by the Policy." While this representation is more specific than the two considered above, the record demonstrates that it was not a misrepresentation. Assuming that Goode told the Plaintiffs that the policy covered hail and wind damage, Goode's statement was true. State Farm has provided a copy of a May 4, 2012 letter in which State Farm acknowledges that Plaintiffs' property had suffered tens of thousands of dollars in "covered damage caused by wind and hail[.]"[39] This letter makes clear that State Farm is not disputing the fact that the policy covers wind and hail damage. This case stands in stark contrast to the actionable misrepresentation in *State Farm Fire & Casualty Co. v. Gros*, where an insurance agent told the insured that the property was covered for damage caused by landslides, when the policy did not actually cover damage caused by landslides.[40] Here, Goode apparently told Plaintiffs that their property was covered against wind and hail damage, and the property was actually covered against wind and hail damage. Therefore, there is no reasonable basis to predict that Plaintiffs would prevail against Goode by relying on this representation.

---

[39] Dkt. No. 1-7.
[40] 818 S.W.2d 908 (Tex. App.—Austin 1991, no writ).

### III. Conclusion

After considering the motion, response, reply, record and relevant authorities, the Court is satisfied that State Farm is not a citizen of Texas and is therefore diverse from Plaintiffs. Additionally, the Court finds that Plaintiffs' claims against Goode, the non-diverse defendant, were based exclusively on three pre-storm representations. Assuming without deciding that those representations were actually made, there is no reasonable basis to predict that Plaintiffs would prevail against Goode based on those representations. Therefore, the Court finds that Goode was improperly joined as a defendant in this case. The Court **DISMISSES** Goode as a defendant. Because the remaining parties are completely diverse and the amount in controversy exceeds $75,000, the Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1332. Accordingly, Plaintiffs' motion to remand is **DENIED**.

IT IS SO ORDERED.

DONE this 8th day of July, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE